PROB 12C
(Rev.2011)

# United States District Court
for
## Middle District of Tennessee

### Petition for Summons for Offender Under Supervision

Name of Offender: <u>David Wayne Hurst</u>     Case Number: <u>3:12-00030</u>

Name of Sentencing Judicial Officer: <u>Honorable Joseph M. Hood, U.S. District Judge, EDKY</u>

Name of Judicial Officer: <u>Honorable Kevin H. Sharp, U.S. District Judge</u>

Date of Original Sentence: <u>October 9, 2007</u>

Original Offense: <u>18 U.S.C. § 2422(b) Use of Facility and Means of Interstate Commerce, Computer, to Entice Minor to Engage in Sexual Activity</u>

Original Sentence: <u>Sixty-three months' custody and Lifetime supervised released</u>

Type of Supervision: <u>Supervised Release</u>     Date Supervision Commenced: <u>November 22, 2011</u>

Assistant U.S. Attorney: <u>Lynne Ingram</u>     Defense Attorney: <u>To be determined</u>

---

PETITIONING THE COURT

  <u>X</u>  To issue a Summons.
  ___ To issue a Warrant.

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
       (cc: U.S. Probation and U.S. Marshal only)
☒ The Issuance of a Summons.
☐ Other

Considered this <u>8th</u> day of <u>May</u>, 2014,
and made a part of the records in the above case.

Kevin H. Sharp
U. S. District Judge

I declare under penalty of perjury that
the foregoing is true and correct.
Respectfully submitted,

Donna Jackson
Intensive Supervision Specialist

Place    <u>Nashville, TN</u>

Date    <u>May 6, 2014</u>

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.  Nature of Noncompliance

1.  **The Defendant shall participate in a program for treatment of mental health/sexual disorders and shall undergo a sex offender risk assessment, psychosexual evaluation and /or other evaluation as needed, be subject to periodic polygraph examinations, at the discretion and direction of the probation officer, and shall follow the rules and regulations of the sex offender treatment program as implemented by the probation officer.**

    Mr. Hurst voluntarily withdrew from the sex offender treatment program on April 21, 2014. He informed he was no longer going to attend and he understood this is a violation of his conditions of supervision. Mr. Hurst advised the treatment is too stressful and costly. Mr. Hurst also failed to attend a scheduled polygraph examination on April 23, 2014. Mr. Hurst did not call to cancel the polygraph. This polygraph was scheduled as a result of Mr. Hurst not passing a polygraph on October 16, 2013. The failure was in reference to a question regarding the use of pornography.

2.  **The Defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.**

    Mr. Hurst has failed to establish employment since his release on supervision in 2011. He has worked one day while on supervision and quit that job reporting it was too labor intensive.

3.  **The Defendant shall not possess, view, listen to, or go to locations where any form of pornography, sexually stimulating performances, or sexually oriented material, items, or services are available.**

    As previously reported to the Court on April 13, 2012, Mr. Hurst reported on his monthly supervision report, submitted on January 3, 2012, for the month of December 2011, that he viewed pornography that month. He advised he saw pornography on HBO and came across some pornography while going through some old material at his mother's residence. He advised he disposed of the pornographic material immediately. Mr. Hurst reported to the sex offender treatment provider that he viewed pornography on January 15, 2012. He admitted he used the pornographic images for sexually stimulating purposes.

**4.**     **The Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**

As previously reported to the Court on April 13, 2012, Mr. Hurst reported conflicting stories regarding the viewing of pornography and the use of the pornography listed in violation number three to the U.S. Probation Officer and sex offender treatment provider.

**5.**     **The Defendant shall not commit another federal, state or local crime.**

As previously reported to the Court on August 16, 2012, on June 13, 2012, Mr. Hurst turned himself in on a warrant out of Marshall County, Tennessee, General Sessions Court. He was charged with Violation of Sex Offender Registration Laws. The affidavit alleged that on January 30, 2012, Mr. Hurst failed to timely report to the law enforcement agency when he moved to another location as required by law. Mr. Hurst moved from Marshall County to Lawrence County on January 28, 2012. He registered as a sex offender in Lawrence County in a timely manner. On August 7, 2012, Mr. Hurst was found guilty in Marshall County General Sessions Court of a lessor charge Attempted Sex Offender Registry. He was sentenced to 11 months and 29 days to serve 60 days with the balance suspended and probation. He started serving his 60 day sentence on August 13, 2012.

**Compliance with Supervision Conditions and Prior Interventions:**
Mr. Hurst began his term of supervised release on November 22, 2011. He resides with his mother and step-father in Columbia, Tennessee.

Mr. Hurst met with this probation officer in November 2011, and signed a program plan to initiate sex offender treatment and polygraph examinations. On May 11, 2012, Mr. Hurst informed he was going to quit sex offender treatment. He advised he thought treatment was an option. This officer reminded Mr. Hurst that sex offender treatment is a special condition ordered by the Court and he must attend as directed. Mr. Hurst decided to continue with treatment. On May 15, 2012, Mr. Hurst reported to treatment and advised the provider he was dropping out of the program. Mr. Hurst provided a handwritten statement to the treatment provider, "I David Hurst am choosing to leave the sex offender program." He reported to the provider that he did not see a benefit and his family couldn't afford for him to keep going. He does not believe he needs treatment and is not a danger to anyone. On May 15, 2012, Mr. Hurst met with this officer and a supervisor. Again, it was explained to Mr. Hurst the condition for treatment was not an option. Mr. Hurst decided he wanted to stay in treatment.

Mr. Hurst has had two previous violation reports submitted to the Court and listed above. The probation office asks for the previous violations to be considered along with the new violations.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that a summons be issued for David Hurst, so that he may appear before the Court to answer to the violation behavior outlined above.

The U.S. Attorney's Office concurs with the probation officer's recommendation for a summons.

Approved: _____
     Britton Shelton
     Supervisory U.S. Probation Officer

SENTENCING RECOMMENDATION
UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
UNITED STATES V. DAVID WAYNE HURST, CASE NO. 3:12-00030

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** I

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003    PROTECT ACT PROVISIONS

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 3 Years (Class B Felony) 18 U.S.C. § 3583(e)(3) | 3 - 9 months U.S.S.G. § 7B1.4(a) | No recommendation |
| SUPERVISED RELEASE: | Any term of years including life less any term of imprisonment 18 U.S.C. 3583(h) | 3 years to life U.S.S.G. § 5D1.2(b)(2) | No recommendation |

18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Pursuant to U.S.S.G. § 7B1.3(a)(2), upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

In the case of a Grade B or C violation, where the minimum term of imprisonment determined under § 7B1.4(term of imprisonment) is more than one month but not more than six months, the minimum term may be satisfied by a sentence of imprisonment or a sentence of imprisonment that includes a term of confinement or home detention according to the schedule in § 5C1.1(e), for any portion of the minimum term, U.S.S.G. § 7B1.3(c)(1).

Respectfully Submitted,

Donna Jackson
Intensive Supervision Specialist

Approved: Britton Shelton
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** David Wayne Hurst

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:12CR00030 - 1

3. **District/Office** Middle District of Tennessee / Nashville

4. **Original Sentence Date** 10 / 09 / 2007
                                 month   day   year

5. **Original District/Office** Eastern District of Kentucky / Lexington
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* 5:06-CR-150-1-JMH

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Shall participate in sex offender assessment and treatment | C |
| Shall work regularly at a lawful occupation | C |
| Shall not possess, view, listen to, or go to locations where any form of pornography, sexually stimulating performances, or sexually oriented material, items, or services are available | C |
| Shall answer truthfully all inquiries by the probation officer | C |
| Shall not commit another federal, state or local crime | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*    C

9. **Criminal History Category** *(see §7B1.4(a))*    I

10. **Range of Imprisonment** *(see §7B1.4(a))*    3 - 9 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

LF021
REV 05/01

**Defendant** David Wayne Hurst _____

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____  Community Confinement _____

    Fine($)         _____  Home Detention          _____

    Other          _____  Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____ imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days
Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002